| | |
|---|---|
| JESSE BROWN,<br>          Petitioner,<br><br>v.<br><br>MARK CAPOZZA, *SUPERINTENDENT SCI-FYT*;<br>LAWRENCE KRASNER, *PHILADELPHIA D.A.*; and<br>JOSH SHAPIRO, *PENNSYLVANIA ATTY GEN.*;<br>          Respondents. | No. 2:18-cv-04512 |

**O P I N I O N**
Report and Recommendation, ECF No. 31 – Adopted

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　May 4, 2021
**United States District Judge**

## I.　　INTRODUCTION

Petitioner Jesse Brown filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Philadelphia County Court of Common Pleas of first-degree murder, possessing an instrument of crime, and carrying an unlicensed firearm. Magistrate Judge Thomas J. Rueter issued a Report and Recommendation ("R&R") recommending that the habeas corpus claims be denied. Brown has filed objections to the R&R. For the reasons set forth below, the R&R is adopted.

## II.　　STANDARDS OF REVIEW

### A.　　Standard of Review - Report and Recommendation of a Magistrate Judge

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); *Sample v. Diecks*, 885 F.2d 1099,

1106 n.3 (3d Cir. 1989). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). In the absence of a specific objection, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report, *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987); therefore, the court should review the record for plain error or manifest injustice. *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

    **B.**    **Standard of Review - Habeas corpus petitions under 28 U.S.C. § 2254**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before seeking federal habeas review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Where a petitioner has failed to properly present his claims in the state court and no longer has an available state remedy, he has procedurally defaulted those claims. *See id.* at 847-48. An unexhausted or procedurally defaulted claim cannot provide the basis for federal habeas relief unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 732-33, 750

(1991) (explaining that a "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him"). The Supreme Court has held that the ineffectiveness of counsel on collateral review may constitute "cause" to excuse a petitioner's default. *See Martinez v. Ryan*, 566 U.S. 1 (2012). The fundamental miscarriage of justice exception "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "Put differently, the exception is only available when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Coleman v. Greene*, 845 F.3d 73, 76 (3d Cir. 2017) (quoting *McQuiggin*, 133 S. Ct. at 1936; *Schlup*, 513 U.S. at 316).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (internal quotations omitted); *See also* 28 U.S.C. § 2254(d);[1] *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (holding that there is a "doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard" because the question before a federal court is not whether the state court's determination was correct, but whether the determination was unreasonable); *Hunterson v. Disabato*, 308 F.3d 236, 245 (3d Cir.

---

[1] "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law . . .; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254(d).

2002) ("[I]f permissible inferences could be drawn either way, the state court decision must stand, as its determination of the facts would not be unreasonable."). Additionally, "a federal habeas court must afford a state court's factual findings a presumption of correctness and that [] presumption applies to the factual determinations of state trial and appellate courts." *Fahy v. Horn*, 516 F.3d 169, 181 (3d Cir. 2008). The habeas petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### C.  Standard of Review - Claims of ineffective assistance of counsel

To establish counsel's ineffectiveness, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) the performance was prejudicial to the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). There is a strong presumption that counsel is effective and the courts, guarding against the temptation to engage in hindsight, must be "highly deferential" to counsel's reasonable strategic decisions. *Marshall v. Hendricks*, 307 F.3d 36, 85 (3d Cir. 2002). The mere existence of alternative, even more preferable or more effective, strategies does not satisfy the first element of the *Strickland* test. *Id.* at 86. To establish prejudice under the second element, the petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Roe v. Flores-Ortega*, 528 U.S. 470, 482 (2000) (quoting *Strickland*, 466 U.S. at 694). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689 (explaining that courts should not second-guess counsel's assistance and engage in "hindsight, to reconstruct the circumstances of counsel's challenged conduct"). The court must consider the totality of the evidence and the burden is on the petitioner. *Id.* at 687, 695.

When considering ineffective assistance of counsel claims under § 2254, the question before a federal court is not whether the state court's determination was correct, but whether the

determination was unreasonable. *Knowles*, 556 U.S. at 123. "And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Id.* (describing "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard").

### III. BACKGROUND

The R&R summarizes the factual and procedural background of this case. *See* R&R 1-5, ECF No. 31. Brown does not object to this summary and, after review, it is adopted and incorporated herein.

In brief summary, *see* R&R 1-3, evidence was produced from multiple eyewitness that the day before the shooting, Brown had a verbal argument with the now-deceased victim regarding a note Brown handed to the deceased's girlfriend containing his phone number. Brown and the deceased had another argument the following day, which turned into a physical altercation. Eye-witnesses testified at trial that the deceased punched Brown in his face and the two began to wrestle. During the fight, Brown pulled out a gun. A witness testified that although she did not actually see Brown shoot the deceased, she heard multiple gunshots "less than five seconds"[2] after Brown pulled out the gun. When the police arrived, the deceased was lying in the street with gunshot wounds. The deceased was taken to the hospital and pronounced dead. Evidence was also presented in the form of a photograph from Brown's phone showing him brandishing a matching gun.

Also of note, the R&R outlined the issues presented in the habeas petition as follows:

1. Trial counsel violated petitioner's right against self-incrimination by improperly conceding petitioner's guilt in his closing argument.

2. The evidence was insufficient to support a first-degree murder conviction.

---

[2] *See* Notes of Testimony 176:9-24 (Fulton N.T. __), Trial, April 16, 2008.

3. Trial counsel was ineffective for failing to object to Hawkins' testimony.

R&R 5 (citing Rev. Pet. ¶ 11, ECF No. 5). The Magistrate Judge determined that each of these claims was procedurally defaulted and without merit. *See* R&R 13-22.

Brown has filed objections and amended objections to the R&R. *See* Objs., ECF No. 33; Am. Objs., ECF No. 35. He argues that the procedural default, if any, should be excused based on the ineffectiveness of PCRA[3] counsel and that each of his claims have merit. *See id.*

## IV. ANALYSIS

This Court has conducted de novo review of Brown's claims and adopts the R&R in its entirety and incorporates the same herein. This Opinion briefly addresses Brown's objections.

Initially, the Court notes that Brown identified the issues he raised on direct appeal, none of which were presented in the habeas petition. *See* Rev. Pet. 2-3.[4] In his objections to the R&R, Brown does not assert that his claims are not procedurally defaulted; rather, he argues that the default should be excused based on the ineffectiveness of PCRA counsel for not properly presenting these claims to the state courts. For the reasons discussed below, because each of the claims lacks merit, Brown cannot establish that he was prejudiced by PCRA counsel's failure to raise the claims or that the miscarriage of justice exception saves his default.

> **1. Brown's first habeas claim is procedurally defaulted and because trial counsel's concession in closing argument that Brown fired the fatal gunshots in order to argue for a lesser degree of guilt was a reasonable strategic decision, Brown was not prejudiced by PCRA counsel's failure to raise this claim.**

---

[3] Pennsylvania's Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9551 ("PCRA")
[4] Throughout this Opinion, all citations to page numbers of any documents filed on the Court's Case Management/Electronic Case Files system ("ECF") are to the page numbers assigned by ECF.

The R&R explained that because Brown did not raise the first claim on direct appeal or PCRA review it is procedurally defaulted. *See* R&R 13-15. The Magistrate Judge nevertheless reviewed the claim on its merits. The Magistrate Judge concluded that trial counsel did not violate Brown's right against self-incrimination; rather, trial counsel made a reasonable strategic decision to argue to the jury that Brown's actions amounted to, at most, voluntary manslaughter and not first-degree murder. *See* R&R 15-16. The R&R reasoned that "[h]ad trial counsel attempted to deny that petitioner killed the victim at all, counsel would have lost all credibility with the jury." *See id.*

Brown's objections to the R&R on the merits of this claim essentially combine his argument in support of the first habeas claim with the argument supporting his second habeas claim regarding the sufficiency of the evidence. *Cf.* Rev. Pet. 10-12, *with* Objs. 3-4 and Am. Objs. 1-4. However, for the reasons discussed in the next section, in the R&R, and in the state court opinions, there was more than sufficient evidence presented at trial establishing that Brown killed the deceased.[5] Therefore, trial counsel's strategy to concede Brown fired the fatal gunshots, but to argue for a lesser degree of guilt was a reasonable strategic decision. *See Allen v. Sobina*, 148 F. App'x 90, 92 and n.2 (3d Cir. 2005) (concluding that trial counsel's decision to concede the defendant did the killing and to focus on arguing that the defendant did not possess the requisite intent for first-degree murder was a tactical decision and did not prejudice the defendant); *Davenport v. Diguglielmo*, 215 F. App'x 175, 180-81 (3d Cir. 2007) (holding that

---

[5] Brown's objection, *see* Objs. 3-4; Am. Objs. 2-3, that the evidence he fired the gun was lacking because there was no proof that the gun he was brandishing in the photograph was the same used to kill the deceased and that the eyewitnesses did not actually see Brown fire the gun, is unpersuasive given the totality of the evidence against him, which also includes eyewitness testimony that within seconds of Brown pulling out a gun during a physical altercation with the deceased numerous shots were fired and the deceased died of multiple gunshot wounds.

even in the absence of explicit consent from the defendant, trial counsel was not ineffective for conceding guilt during closing argument because "defense counsel pursued a reasoned trial strategy in light of the evidence available"). Contrary to Brown's objections, *see* Am. Objs. 4, the mere fact that this strategy was not successful, does not mean that it was unreasonable, *see Franklin v. Klopotoski*, No. 09-3838, 2013 U.S. Dist. LEXIS 142731, at *17 (E.D. Pa. Aug. 7, 2013) (holding that "even if counsel's actions ultimately proved unsuccessful or hindered the defendant, counsel shall not be deemed ineffective if his decision was a reasonable strategy based on a sound investigation of the law and facts"). Brown's objection is overruled and the first habeas claim is dismissed as procedurally defaulted and found to be without merit.

2. **The evidence presented at trial was sufficient to support a first-degree murder conviction, despite Brown's suggestion of self-defense, such that PCRA counsel's failure to raise this claim in the state courts does not excuse the procedural default.**

In his habeas petition, Brown claimed that the facts introduced at trial established only voluntary manslaughter, not first-degree murder, because the shooting was in self-defense. *See* Rev. Pet. 12. The R&R concluded that this claim was not presented in the state courts and was procedurally defaulted. *See* R&R 16-17. Regardless, the Magistrate Judge considered the claim on the merits. The R&R explained that "under Pennsylvania law, '[a] criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.'" *Id.* at 18 (quoting 18 Pa.C.S.A. § 2502(a)). Further, "the specific intent to kill required for a conviction of first-degree murder 'can be established through circumstantial evidence, such as the use of a deadly weapon on a vital part of the victim's body.'" *Id.* (quoting *Commonwealth v. Mattison*, 82 A.3d 386, 392 (Pa. 2013)). After also noting that the federal court is to decide sufficiency of the evidence "after viewing the evidence in the light most favorable to the prosecution," *see Jackson v. Virginia*, 443 U.S. 307 (1979), and that the state courts found the evidence against

Brown to be "overwhelming," the Magistrate Judge agreed with the state courts that "the evidence presented to the jury was overwhelming [and t]he testimony was sufficient evidence from which a rational factfinder could find petitioner guilty of the crimes of which he was convicted beyond a reasonable doubt." R&R 18-19. Accordingly, Brown could not excuse the procedural default. *See id.* 17.

Brown's objections to the R&R on the merits of this claim are a recitation of the arguments in his habeas petition. *Cf.* Rev. Pet. 8-12, *with* Objs. 5-6 and Am. Objs. 4-8. After de novo review, this Court adopts the findings and conclusions in the R&R. In addition to the reasons set forth therein, this Court concludes that Brown's assertion the evidence showed he acted in self-defense lacks merit. *See Aponte v. Eckard*, No. 15-561, 2016 U.S. Dist. LEXIS 74141, at *27-28 (E.D. Pa. June 3, 2016) (finding that the petitioner's claim that the evidence was insufficient to support his conviction for first-degree murder was meritless where the evidence "could lead a rational fact finder to conclude beyond a reasonable doubt that Petitioner intentionally caused the death of Ward by firing a gun multiple times into Ward's body, that his intent to do so developed in the moments when he reached for the gun, and that he did not act out of the unreasonable belief that the use of deadly force was justified"); *Commonwealth v. Brown*, 178 A.3d 134 (Pa. Super. Ct. 2017) (finding that the evidence that after the deceased threw the first punch, he and Brown wrestled and "less than five seconds" after Brown pulled out a gun, multiple gunshots were fired did not support a claim of self-defense). This objection is overruled and because the claims lacks merit, Brown was not prejudiced by any failure of PCRA counsel to raise this issue and the claim therefore is procedurally defaulted.

### 3. Brown procedurally defaulted his claim that trial counsel was ineffective for failing to object to Ms. Hawkins's allegedly false testimony and because trial counsel cross-examined Ms. Hawkins on the inconsistencies in her testimony, the claim lacks merit such that the procedural default cannot be excused.

The R&R explains that while the third habeas claim was raised in the PCRA petition and addressed on the merits by the PCRA court and the Pennsylvania Superior Court in the PCRA appeal, both courts found that the claim was waived because Brown failed to present it on direct appeal. *See* R&R 19-22. The R&R determined the claim was procedurally defaulted. *See id.* The R&R, applying the doubly deferential standard of review, further concluded the claim lacked merit because Brown failed to show why the testimony was objectionable. *See id.* 22.

In the habeas petition, Brown asserted that the testimony of Ms. Hawkins that she did not "actually" see Brown hand a piece of paper to Ms. Fulton containing Brown's phone number was false because it was inconsistent with her prior statement to police and with the testimony of Ms. Fulton about whether anyone else was present at that time. *See* Rev. Pet. 15 (citing Fulton N.T. 222:6-25 and 223:2-6; Hawkins N.T.[6] 106:12-14). In his objections to the R&R, Brown elaborates on this claim and seeks an evidentiary hearing. *See* Objs. 6-7 and Am. Objs. 8-10.[7] It is clear, however, after de novo review of the claim and the trial transcripts, that Brown's argument lacks merit and no evidentiary hearing is needed.

De novo review of the record and trial transcripts shows that Ms. Hawkins's testimony

---

[6] Notes of Testimony (Hawkins N.T. __), Trial, April 17, 2008.
[7] Brown also suggests that trial counsel's failure to object to Ms. Hawkins's testimony violated his equal protection rights. However, this claim was not presented in his habeas petition and cannot be raised for the first time now. *See* Order dated November 19, 2018, ECF No. 8 ("Pursuant to Local Civil Rule 72.1.IV(c), all issues and evidence shall be presented to the United States Magistrate Judge, and that new issues and evidence shall not be raised after the filing of the Report and Recommendation if they could have been presented to the United States Magistrate Judge."). Moreover, such a claim is wholly without support or even explanation.

was not in fact false. According to a police summary, Ms. Hawkins informed police that Brown handed Ms. Fulton a piece of paper. Similarly, at trial, Ms. Hawkins testified that she was present with Ms. Fulton on May 12, 2006, witnessed Brown and Ms. Fulton talking, and saw Brown hand Ms. Fulton a piece of paper. *See* Hawkins N.T. 104:5 – 105:20. However, as Brown points out, Ms. Hawkins thereafter testified that she did not "actually" see Brown hand Ms. Fulton the piece of paper. *See id.* 106:10-16. Ms. Hawkins explained that she reached her conclusion when Ms. Fulton showed her the paper. *See id.* Given her explanation, this Court does not find her testimony was false, let alone something that would require an objection or a mistrial. Furthermore, defense counsel did cross-examine Ms. Hawkins about the perceived inconsistencies in her statements. *See id.* 117:12 - 126:18. Trial counsel was therefore not ineffective and Brown has not shown that he was prejudiced by trial counsel's conduct or by the failure of PCRA counsel to raise this issue. *See Bender v. McGinley*, No. 1:19-cv-60, 2019 U.S. Dist. LEXIS 119052, at *19-21 (M.D. Pa. July 17, 2019) (concluding that where trial counsel did not object to a witness's allegedly false testimony or request a mistrial, but did thoroughly cross-examine the witness regarding the differences between her statements, the defendant was not prejudiced by counsel's performance and, also, that the defendant was not prejudiced by PCRA counsel's failure to raise this claim).

For these reasons and those more fully set forth in the R&R, the third habeas claim is procedurally defaulted and lacks merit. This Court also agrees with the Magistrate Judge's conclusion that an evidentiary hearing is not required. *See Morris v. Beard*, 633 F.3d 185, 196 (3d Cir. 2011) (holding that no evidentiary hearing is required where the record refutes the petitioner's factual allegations or otherwise precludes relief). Brown's objections are therefore overruled.

### 4. There is no basis for the issuance of a certificate of appealability.

A certificate of appealability ("COA") should only be issued "if the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Tomlin v. Britton*, 448 F. App'x 224, 227 (3d Cir. 2011) (citing 28 U.S.C. § 2253(c)). "Where a district court has rejected the constitutional claims on the merits, . . . the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For the reasons set forth herein and in the R&R, Brown has not made a substantial showing of the denial of a constitutional right, nor would jurists of reason find the Court's assessment debatable or wrong. A COA is denied.

## V. CONCLUSION

After de novo review and for the reasons set forth herein, the R&R is adopted. The claims are procedurally defaulted and such default cannot be excused because the claims lack merit. The objections are overruled and the habeas claims are denied and dismissed.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge