UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| JESSE BROWN, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 2:18-cv-04512 |
| | : | |
| MARK CAPOZZA, *SUPERINTENDENT SCI-FYT*; | : | |
| LAWRENCE KRASNER, *PHILADELPHIA D.A.*; and | : | |
| JOSH SHAPIRO, *PENNSYLVANIA ATTY GEN.*; | : | |
| Respondents. | : | |

---

**O P I N I O N**
**Motion for Relief, ECF No. 42- Denied and Dismissed**

**Joseph F. Leeson, Jr.**                                              **December 21, 2021**
**United States District Judge**

On May 4, 2021, this Court denied and dismissed Petitioner Jesse Brown's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Philadelphia County Court of Common Pleas of first-degree murder, possessing an instrument of crime, and carrying an unlicensed firearm. Now pending is Brown's motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(6), challenging this Court's conclusion that the habeas claims were procedurally defaulted and lacked merit. For the reasons set forth herein, in the Opinion denying the § 2254 motion, and in Magistrate Judge Thomas J. Rueter's Report and Recommendation ("R&R"), Brown's motion for relief is denied and dismissed.

I.      **BACKGROUND**

This Court's Opinion on Brown's 2254 motion summarized the factual background as follows:

> In brief summary, *see* R&R 1-3, evidence was produced from multiple
> eyewitnesses that the day before the shooting, Brown had a verbal argument with
> the now-deceased victim regarding a note Brown handed to the deceased's
> girlfriend containing his phone number.  Brown and the deceased had another
> argument the following day, which turned into a physical altercation.  Eye-
> witnesses testified at trial that the deceased punched Brown in his face and the two
> began to wrestle.  During the fight, Brown pulled out a gun.  A witness testified
> that although she did not actually see Brown shoot the deceased, she heard multiple
> gunshots "less than five seconds"[1] after Brown pulled out the gun.  When the police
> arrived, the deceased was lying in the street with gunshot wounds.  The deceased
> was taken to the hospital and pronounced dead.  Evidence was also presented in
> the form of a photograph from Brown's phone showing him brandishing a matching
> gun.

Opinion 5, ECF No. 39 (citing R&R, ECF No. 31).  The Opinion, which adopted Magistrate

Judge Thomas J. Rueter's R&R after de novo review of Brown's objections thereto, outlined

Brown's habeas claims and explained that none of these claims were raised on direct appeal.  *See*

*id.*  This Court concluded that each claim was procedurally defaulted and, because each of the

claims lacks merit, Brown could not establish that he was prejudiced by PCRA counsel's failure

to raise the claims or that the miscarriage of justice exception saves his default.  *See id.* at 6-11.

This Court also agreed with Magistrate Judge Rueter that an evidentiary hearing was not

required.  *See id.* 11 (citing *Morris v. Beard*, 633 F.3d 185, 196 (3d Cir. 2011) (holding that no

evidentiary hearing is required where the record refutes the petitioner's factual allegations or

otherwise precludes relief)).

Brown thereafter filed a motion for relief from judgment pursuant to Federal Rule of

Civil Procedure 60(b)(6).  *See* ECF No. 42.[2]  Brown disagrees with the Court's conclusion that

his procedural default cannot be excused because his habeas claims lack merit and, also, that he

---

[1]     *See* Notes of Testimony 176:9-24 (Fulton N.T. ___), Trial, April 16, 2008.

[2]     Before the motion for relief became ready for review, Brown filed a notice of appeal with
the Third Circuit Court of Appeals.  *See* ECF Nos. 49, 51-52.  The Circuit Court has stayed its
decision pending this Court's resolution of Brown's motion for relief.  *See* ECF No. 52.

was not entitled to an evidentiary hearing.  *See id.*  The motion for relief essentially repeats and restructures Brown's habeas claims as layered ineffectiveness claims to excuse his procedural default.  *See id.*; *see also* ECF No. 54.  The Government's response to the Rule 60(b) motion is that the motion constitutes a successive petition that must be dismissed and that the motion should be denied because Brown fails to establish any extraordinary circumstance justifying relief.  *See* ECF No. 50.

## II.     STANDARDS OF REVIEW

### A.     Motions under Rule 60 of the Federal Rules of Civil Procedure

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).  Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3)   fraud   (whether   previously   called   intrinsic   or   extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."  *Gonzalez*, 545 U.S. at 535.  The movant bears a heavy burden of proof that extraordinary circumstances are present.  *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991); *United States v. Rota*, No. 94-0003-1, 1999 U.S. Dist. LEXIS 562, *5 (E.D. Pa. 1999).

**B.**     **Motions under Rule 59(e) of the Federal Rules of Civil Procedure**

Rule 59(e) allows a litigant to file a motion to alter or amend a judgment within twenty-eight days from entry of the judgment. *See* Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through--rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotations omitted); *see also Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (holding that "courts will not address new arguments or evidence that the moving party could have raised before the decision issued"). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**C.**     **Successive Motions under 28 U.S.C. § 2255**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. *Davis v. United States*, 417 U.S. 333, 343 (1974); *O'Kereke v. United States*, 307 F.3d 117, 122-23 (3d

Cir. 2002).  But, a "second or successive motion must [first] be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals...."  28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction.  *See Pelullo v. United States*, 487 Fed. App'x 1, 2 n.2 (3d Cir. 2012); *United States v. Rodriguez*, 327 Fed. App'x 327, 329 (3d Cir. 2009) (holding that the "district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals").

## III.   ANALYSIS

### A.   Brown's motion is properly considered pursuant to Rule 59(e) and is denied.

A Rule 60(b) motion differs from a Rule 59(e) motion based on the length of time that has passed since the habeas proceedings.  *See Banister*, 140 S. Ct. at 1710.  A Rule 60(b) motion is often distant in time and attacks an already completed judgment.  *See id.*  "By contrast, a Rule 59(e) motion is a one-time effort to bring alleged errors in a just-issued decision to a habeas court's attention, before taking a single appeal."  *Id.*  Brown's motion for relief, dated May 25, 2021, was filed three weeks after the Opinion denying and dismissing his § 2254 motion was entered and before his notice of appeal was filed.  The motion is therefore properly reviewed pursuant to Rule 59(e).  *See Turner v. Evers*, 726 F.2d 112, 114 (3d Cir. 1984) (holding that it is "the function of the motion, not its caption" that controls).

Brown's motion does not, however, allege an intervening change in the law or newly discovered evidence.  Brown has also failed to show the need to correct a clear error of law or

fact or to prevent manifest injustice.  To the extent Brown asserts this Court found his habeas

petition did not challenge PCRA counsel's ineffectiveness for failing to claim that trial counsel

was ineffective for not objecting to the allegedly false testimony of Ms. Hawkins, *see* Mot. 51,

he is incorrect.  The R&R and this Court's Opinion specifically listed this separate habeas claim

and addressed the merits thereof.  *See* Opn. 5-6, 10-11; R&R 5, 19-22.  Brown's remaining

arguments are essentially an attempt to relitigate the prior decision, which is not a proper basis to

grant relief.  The motion for relief is denied pursuant to Rule 59(e).

**B.      The motion would also be denied and dismissed pursuant to Rule 60(b)(6).**

Should this Court apply Rule 60(b)(6), as the motion requests, relief is denied because

Brown merely challenges this Court's legal findings.  *See Martinez-Mcbean v. Gov't of V.I.*, 562

F.2d 908, 912 (3d Cir. 1977) (holding that even if the court committed legal error, Rule 60(b)(6)

would not provide a basis to reopen because the "correction of legal errors committed by the

district courts is the function of the Courts of Appeals"); *United States v. Eleazer*, No. 12-408-

02, 2014 U.S. Dist. LEXIS 63510, at *6 (E.D. Pa. May 8, 2014) (denying the Rule 60(b)(6)

motion because the arguments raised therein were essentially a reiteration of those presented in

the § 2255 motion).

Moreover, to the extent that Brown's ineffective assistance of counsel claims in the

motion to vacate were denied on the merits, *see* Opn. 6-11, the motion to vacate was a first

petition for second or successive purposes.  The instant motion for relief would therefore be a

successive § 2254 motion.  "When a motion is filed in a habeas case under a Rule 60(b) or 60(d)

label, the district court must initially determine whether the motion is actually a 'second or

successive' habeas petition within the meaning of § 2244(b)."  *Davenport v. Brooks*, No. 06-

5070, 2014 U.S. Dist. LEXIS 51047, at *10-11 (E.D. Pa. Apr. 14, 2014).  "[C]ase law

emphasizes that a habeas petitioner cannot circumvent the strictures of 28 U.S.C. § 2244, which governs the filing of second or successive habeas petitions, by simply labeling his paper a motion under Rule 60." *United States v. Brown*, No. 99-730, 2013 U.S. Dist. LEXIS 99616, at *20 (E.D. Pa. July 16, 2013).  Because Brown did not have permission from the Court of Appeals to file a successive petition, the motion, if not considered under Rule 59(e), would be dismissed for lack of jurisdiction.

To the extent the motion for relief is considered pursuant to Rule 60(b)(6), it is denied and dismissed.

IV.     **CONCLUSION**

Brown's motion for relief is properly considered pursuant to Rule 59(e), but does not provide a basis to relitigate his claims.  Rule 60(b)(6) also offers no relief because Brown has not shown any extraordinary circumstances to reopen judgment or that he has jurisdiction to raise a successive § 2254 petition.  The motion for relief is denied.

A separate Order follows.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge